**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

REBECCA COURTNEY SAPPINGTON                                           PLAINTIFF

v.                                    No. 4:22-cv-00347-KGB-JTR

KILOLO KIJAKAZI, Acting Commissioner
Social Security Administration                                        DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Baker may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

## I.  INTRODUCTION

Pending before the Court is a Motion to Dismiss filed by Defendant, Acting Social Security Commissioner "(Commissioner")", *Doc. 8*, who contends that Plaintiff Rebecca Courtney Sappington ("Sappington") waited too long to file her *pro se* Complaint seeking judicial review of the Social Security Administration's

decision to deny her disability benefits. *Doc. 2*. Sappington has not filed a Response and the time to do so has passed.

For the reasons stated below, the Court finds Sappington's Complaint is untimely. There is no basis in this record to equitably toll the filing deadline and to permit judicial review on the merits. In addition, dismissal is appropriate under Local Rule 5.5(c)(2).[1] Thus, the Commissioner's Motion should be GRANTED.

## II.  BACKGROUND

On April 18, 2022, Sappington initiated this action by filing a *pro se* Complaint seeking review of the Commissioner's decision denying benefits. *Doc. 2*. Sappington does not dispute that this Complaint was untimely filed.

## III.  DISCUSSION

By statute, a claimant seeking judicial review of the Social Security Administration's ("SSA's") final denial of benefits must commence a civil action "within sixty days after the mailing to [her] of notice of such decision or within such further time as the Commissioner may allow." 42 U.S.C. § 405(g). Sappington did not file this Complaint until after the deadline. *Docs. 2 & 8*. Absent tolling, Sappington's filing is untimely.

---

[1]On August 9, 2022, the Court gave Sappington (30) days to file a Response addressing why this action should not be dismissed for lack of jurisdiction. Importantly, the Court cautioned Sappington that "if she does not timely and properly comply with this Order, her case will be dismissed, without prejudice, as moot and pursuant to Local Rule 5.5(c)(2)." *Doc. 9*. Sappington has failed to file a Response or Comply with the Court's August 9, 2022 Order.

The time to initiate judicial review is subject to equitable tolling "where the equities in favor of tolling the limitations period are so great the deference to the agency's judgment are inappropriate." *Bowen v. City of New York*, 476 U.S. 467, 480 (1986). Thus, § 405(g)'s filing deadline is subject to "traditional equitable tolling" principles. *Id.* (omitting internal quotations and citation).

To successfully claim the benefit of equitable tolling, Sappington must establish that: (1) she has been pursuing her rights diligently, and (2) some extraordinary circumstance stood in her way. See *Thompson v. Comm'r of Soc. Sec. Admin.*, 919 F.3rd 1033, 1037 (8th Cir. 2019) (applying the habeas standard found in *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807 (2005) to 42 U.S.C. § 405(g), without deciding whether a stricter standard applies in a nonhabeas action). Excusable neglect is insufficient for equitable tolling. *Kender v. Saul*, 449 F. Supp. 3d 854, 862 (E.D. Ark. 2020). To establish an "extraordinary circumstance," Sappington must show there was an external obstacle beyond her control that prevented timely filing. *Thompson*, 919 F.3rd at 1037.

Here, Sappington has not provided any information regarding diligence or extraordinary circumstance. The record shows her Complaint is untimely. There is no basis in this record to equitably toll the filing deadline and to permit judicial review on the merits.

## IV.  CONCLUSION

IT IS THEREFORE RECOMMENDED that the Defendant Commissioner's Motion to Dismiss, *Doc. 8*, be GRANTED, and Sappington's Complaint be dismissed, without prejudice.

DATED this 2nd day of November, 2022.

_____
UNITED STATES MAGISTRATE JUDGE